NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3075
_____

CHRISTIAN ARAUJO,
                                        Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-704-949)
Immigration Judge: Honorable Quynh V. Bain
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2017

Before: HARDIMAN, KRAUSE, *Circuit Judges*, and STENGEL, *District Judge*.[*]


(Filed: March 29, 2017)

---

[*] The Honorable Lawrence F. Stengel, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION**
_____

HARDIMAN, *Circuit Judge*.

Christian Araujo petitions for review of an order of the Board of Immigration Appeals (BIA) denying his request for deferral of removal under the Convention Against Torture (CAT). We will dismiss the petition for lack of jurisdiction.

I

A native of the Dominican Republic, Araujo entered the United States without authorization in 1989. On June 20, 2014, he was convicted in federal court of possession with intent to distribute n-benzylpiperazine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Araujo was subsequently ordered removed under 8 U.S.C. § 1228(b) (governing removal proceedings for aggravated felons under 8 U.S.C. § 1227(a)(2)(A)(iii)). He conceded to the Immigration Judge (IJ) that he was removable as an aggravated felon, but he sought deferral of removal under CAT.

The IJ denied Araujo's request for CAT protection, finding that the record did not demonstrate a "clear probability that [Araujo] would be tortured with the acquiescence of the Dominican Republic." App. 18. The Board of Immigration Appeals affirmed, concluding that Araujo "did not meet his heavy burden to show a likelihood of . . . torture" upon removal. App. 6.

---

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## II

The IJ had jurisdiction to determine Araujo's eligibility for CAT protection and the BIA had appellate jurisdiction pursuant to 8 C.F.R. § 1208.31(e).

We typically have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). However, because Araujo is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon, our review is limited to constitutional and legal questions. 8 U.S.C. § 1252(a)(2)(C)–(D).

Araujo does not explain whether he is raising a constitutional or legal question. Instead, he challenges the IJ's factual findings, insisting that it is "more likely than not [that he will] be tortured if removed to the Dominican Republic at the hands of [] criminal gangs and corrupt police officials." Araujo Br. 15. He claims that the IJ and BIA erred in finding that his work as a Dominican police officer did not support a conclusion that it is more likely than not that he will be tortured. In essence, Araujo disagrees with the IJ about what is likely to happen to him if he is removed. This is a factual question precluded by § 1252(a)(2)(C)–(D).

So too with Araujo's argument that the IJ erred in finding that the Dominican Republic was unlikely to acquiesce in his torture. We have held that the question of whether a foreign government will acquiesce in torture—the issue on which the IJ focused most of her opinion—is a "factual determination," not a legal or constitutional

question. *Green v. Att'y Gen.*, 694 F.3d 503, 507 (3d Cir. 2012) (excluding the question of potential foreign-government acquiescence from review under § 1252(a)(2)(C)–(D)).

In sum, Araujo does not raise any claim that the Agency misapplied the law, applied the wrong standard of review, or deprived him of constitutional rights. He merely claims that the evidence was weighed incorrectly. We have long recognized that claims "that an Immigration Judge or the BIA incorrectly weighed evidence . . . are not questions of law under § 1252(a)(2)(D)." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) (citations omitted). Accordingly, we must dismiss Araujo's petition for lack of jurisdiction.